**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MAY CHEN,                                )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        Civil Action No. 1:26-cv-00311 (UNA)
                                         )
DISTRICT OF COLUMBIA, et al,             )
                                         )
            Defendants.                  )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). For the reasons discussed below, it denies Plaintiff's IFP Application and dismisses this matter without prejudice.

At the outset, the Court denies Plaintiff's IFP Application because it is unsigned. *See* Fed. R. Civ. P. 11(a); 28 U.S.C. § 1915(a)(1); *see also Paracha v. Bush*, 374 F. Supp. 2d 118, 120–21 (D.D.C. 2005) (explaining that, pursuant to the applicable statutory and Rule requirements, an IFP Application must be accompanied by a sworn affidavit).

Plaintiff sues the District of Columbia, the Salvation Army Harbor Lights Center, Adams Place NE Homeless Shelter, and the State of Maryland. *See* Compl. at 2. The Complaint is also unsigned, in contravention of Federal Rule 11(a), and it bears yet additional procedural defects; apart from citing broadly to various procedural rules, and demanding 885 septillion dollars in damages, as well as a "criminal prosecution," a barring order, and an injunction, *see id.* at 4–6, the pleading provides no other information whatsoever. And although the Complaint attaches several exhibits ("Exs."), ECF No. 1-1, Plaintiff does not explain them, in contravention of D.C. Local Civil Rule 5.1(e), nor does she actually plead a single claim arising therefrom. As best gleaned

from the Exhibits, Plaintiff believes that the Defendant Shelters, both located in the District of Columbia, have perpetuated myriad wrongs against her, *see generally* Exs.   It is largely unclear what alleged wrongdoing the District of Columbia committed, if any, and even more unclear with respect to the State of Maryland's involvement in this case, if any.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, the dearth of facts, context, or even the barest of allegations, fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction, or Plaintiff's entitlement, if any, to damages.  Indeed, even if Plaintiff's intended claims were better understood, it is virtually inconceivable that 885 septillion dollars in damages would be warranted, and such a demand is frivolous on its face.  *See Shells v. NRA*, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (dismissing complaint for lack of subject matter jurisdiction where plaintiff demanded a "frivolous amount" in damages and made "no other attempt to quantify damages[.]") (citing *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's alleged amount in controversy was "utterly frivolous")).

For all of these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   April 27, 2026                                  _____/s/_____
                                                        RUDOLPH CONTRERAS
                                                        United States District Judge